IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

AAA HAWAII, LLC,                    )      CIVIL NO 08-00299 DAE-LEK
                                   )
          Plaintiff,               )
                                   )
     vs.                           )
                                   )
HAWAII INSURANCE,                  )
CONSULTANTS, LTD., ET AL.,         )
                                   )
          Defendants.              )
_____   )

**ORDER GRANTING DEFENDANTS' MOTION FOR
<u>LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM</u>**

Before the Court is Defendants Hawaii Insurance

Consultants, Ltd. ("HIC") and AIG Hawaii Insurance Company,

Inc.'s ("AIG", collectively "Defendants") Motion for Leave to

File Amended Answer and Counterclaim ("Motion"), filed on

November 24, 2008.  Plaintiff AAA Hawaii, LLC ("Plaintiff") filed

its memorandum in opposition on December 19, 2008, and Defendants

filed their reply on December 28, 2008.  This matter came on for

hearing on January 8, 2009.  Appearing on behalf of Defendants

were Joseph Stewart, Esq., and Clifford Higa, Esq., and appearing

on behalf of Plaintiff was Clyde Wadsworth, Esq.  After careful

consideration of the Motion, supporting and opposing memoranda,

and the arguments of counsel, Defendants' Motion is HEREBY

GRANTED for the reasons set forth below.

**<u>BACKGROUND</u>**

In February 1994, Defendants entered into a Marketing

Agreement (the "1994 Agreement") with Hawaii American Automobile Association (also known as "AAA Hawaii") and AAA Hawaii Insurance Agency, Inc. (collectively, "Plaintiff's Predecessors").  Under the 1994 Agreement, Plaintiff's Predecessors provided AAA Hawaii member lists to AIG to assist them in marketing insurance products to AAA Hawaii members.  Defendants, in turn, were to pay certain fees to Plaintiffs' Predecessors: commissions, including first term and renewal commissions; and an annual profit sharing bonus.  The commissions were to continue after the termination of the 1994 Agreement, as long as one thousand policyholders remained as insureds under the program.  The profit sharing bonus terminated with the 1994 Agreement.  The commissions were based on all AIG insurance policies acquired by AAA Hawaii members during the term of the agreement.  The initial term of the 1994 Agreement was five years.  Defendants paid the commissions and profit sharing bonuses during the term of the agreement. [Complaint at ¶¶ 11-15.]

        In February 1999, AAA Hawaii renewed the agreement and Defendants entered into a Subagency Agreement (the "1999 Agreement") with Plaintiff's immediate predecessor-in-interest, AAA Hawaii, Inc. (also known as "AAA Hawaii").  The 1999 Agreement was effective January 1, 1999 and had an initial five-year term.  According to Plaintiff, the terms of the 1999 Agreement were substantially the same as the terms of the 1994

Agreement, except that the 1999 Agreement did not provide for the termination of the profit sharing bonuses upon the termination of the 1999 Agreement.  [Id. at ¶¶ 16-18.]

AAA Hawaii, Inc., converted to a limited liability company, AAA Hawaii, LLC, as of January 1, 2001.  Defendants gave their written consent to the assignment of the 1999 Agreement from AAA Hawaii, Inc., to AAA Hawaii, LLC.  [Id. at ¶ 19.]

Through the duration of the 1999 Agreement, Defendants paid the commissions and profit sharing bonuses on all AIG Hawaii insurance policies acquired by Plaintiff's members during the terms of the 1994 and 1999 Agreements.  In accordance with the required terms, Plaintiff terminated the 1999 Agreement as of December 6, 2005.  Thereafter, Plaintiff competed directly with AIG Hawaii for insurance business.  [Id. at ¶¶ 20-22.]

Plaintiff alleges that, after January 10, 2006, Defendants failed and refused to pay commissions and other amounts, including profit sharing bonuses, due under the terms of the 1999 Agreement.  On March 29, 2007, Plaintiff sent a letter to Defendants stating that they were in breach of the 1999 Agreement and demanding payment of the amounts owed, with interest.  On May 17, 2007, Defendants rejected the demand for profit sharing amounts, arguing that those did not survive the termination of the 1999 Agreement.  Defendants also informed Plaintiff that they discovered that they had inadvertently

3

overpaid Plaintiff for commissions due.  Defendants claimed that they were only required to pay commissions for policies sold as a result of Plaintiff's and Defendants' joint marketing efforts. Defendants had mistakenly paid commissions on policies sold as a result of Defendants' marketing efforts that were unrelated to the agreement.  On June 18, 2007, Defendants sent Plaintiff a letter stating that no commissions were due because the amount of the overpayment exceeded the amount of commissions due.  [Id. at ¶¶ 23-27.]

Plaintiff alleges that Defendants' apportionment theory is a ruse to avoid payment of their obligations under the 1999 Agreement.  [Id. at ¶ 29.]  Plaintiff filed the instant action June 25, 2008, alleging the following claims: breach of contract, breach of the covenant of good faith and fair dealing; and declaratory relief.

Plaintiff served both Defendants on June 26, 2008. Pursuant to stipulation, Defendants filed their answer on August 18, 2008.  Defendants filed an Amended Answer, which included a Counterclaim, on September 2, 2008.  The Counterclaim alleged an unjust enrichment claim and a quantum meruit claim based on the alleged overpayments.

Pursuant to stipulation, Plaintiff's responsive pleading to the Counterclaim was due on October 6, 2008.  On that day, Plaintiff filed a Motion to Dismiss Counterclaim, Filed on

September 2, 2008 ("Motion to Dismiss").  On November 12, 2008,

the district judge issued an Order Granting in Part and Denying

in Part AAA Hawaii's Motion to Dismiss and Order Granting

Defendants Leave to Seek to Amend Their Counterclaim ("Dismissal

Order").  The district judge granted the Motion to Dismiss as to

Defendants' unjust enrichment claim and denied it as to their

quantum meruit claim.  In dismissing the unjust enrichment claim,

the district judge stated that he would "allow Defendants to seek

leave to amend their Counterclaim to instead allege a breach of

contract claim.  Defendants must file their motion to amend the

Counterclaim on or before November 24, 2008."  [Dismissal Order

at 14.]

In the instant Motion, Defendants seek to amend their

Counterclaim to assert a breach of contract claim, as provided

for in the Dismissal Order.  Defendants argue that, under Federal

Rule of Civil Procedure 15(a), leave to amend should be freely

granted.  Plaintiff has the burden of establishing that the

amendment would be prejudicial.  Defendants contend that amending

the Counterclaim will not prejudice Plaintiff because discovery

is still in its early stages and Plaintiff will have ample time

to prepare to litigate the new claim.  Further, Defendants seek

merely to restate their previous unjust enrichment claim as a

breach of contract claim.  Defendants state that they did not

file the Motion in bad faith and they did not unduly delay in

bringing the Motion.   Finally, Defendants argue that their proposed breach of contract claim is not futile because the 1999 Agreement is clearly subject to the interpretation that they advance in the proposed First Amended Counterclaim.   Although not mentioned in the memorandum in support of the Motion, the proposed First Amended Counterclaim also adds a third claim for declaratory relief.

In its memorandum in opposition, Plaintiff argues that Defendants' breach of contract claim is futile.   The district judge indicated that the claim would likely fail.   [Dismissal Order at 13 (stating that "an action for breach of contract is likely to fail as well").]   Further, Defendants admitted in their memorandum in opposition to the Motion to Dismiss that Plaintiff's receipt of the alleged overpayments is not a breach of the 1999 Agreement.   Plaintiff also argues that Defendants' new declaratory relief claim is futile because it seeks equitable relief, as did the dismissed unjust enrichment claim.

Plaintiff notes that the proposed breach of contract claim alleges that Plaintiff materially breached Sections 3.4 and 5.1 and Schedule B of the 1999 Agreement.   Section 3.4 related to Defendants' exclusive direct marketing rights and the proposed First Amended Counterclaim contains no factual allegations indicating how Plaintiff breached those provisions.

Finally, Plaintiff argues that Defendants are not left

without a remedy because they have alleged the defenses of setoff and/or recoupment.

In their reply, Defendants argue that their new claims are not futile because, under the 1999 Agreement, Plaintiff was only entitled to commissions for AAA Hawaii members who became AIG insureds as a result of Plaintiff's performance of its contractual obligations.  When notified of the overpayment, Plaintiff breached the 1999 Agreement by refusing to refund the overpayments.

Defendants also argue that the proposed declaratory relief claim is not futile because it is not duplicative of the breach of contract claim.  Defendants argue that their breach of contract claim does not preclude the declaratory relief claim because a declaratory judgment will avoid uncertainty and controversy regarding Defendants' overpayment of commissions. The declaratory judgment will be relevant to both the prior overpayments and the calculation of future commissions due under the 1999 Agreement.

Finally, Defendants emphasize that Plaintiff has not articulated any prejudice that it will suffer if the Court grants the Motion.

## DISCUSSION

Under Rule 15(a), once a responsive pleading has been filed, a party must obtain leave of court or the written consent

of the opposing party to amend its pleadings.  "The court should
freely give leave when justice so requires."  Fed. R. Civ. P.
15(a)(2).  The determination whether a party should be allowed to
amend a pleading is left to the discretion of the court.  See
Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330
(1971) (citation omitted).  If the facts or circumstances a
plaintiff relies upon may be the basis of relief, she should be
afforded an opportunity to test her claim on the merits.  See
Foman v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, in
exercising its discretion to grant leave to amend, a court
"'should be guided by the underlying purpose of Rule 15(a) . . .
which was to facilitate decisions on the merits, rather than on
technicalities or pleadings.'"  In re Morris, 363 F.3d 891, 894
(9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126
(9th Cir. 2001)) (alteration in original).

        In the present case, Plaintiff argues that the Court
should deny the Motion because the proposed amendments are
futile.  "Futility of amendment can, by itself, justify the
denial of a motion for leave to amend."  Bonin v. Calderon, 59
F.3d 815, 845 (9th Cir. 1995).  An amendment is futile when "no
set of facts can be proved under the amendment to the pleadings
that would constitute a valid and sufficient claim . . . ."
Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)
(citations omitted).

8

Plaintiff first argues that Defendants' breach of contract claim is futile because the district judge stated that "Defendants' own description of the overpayments as 'inadvertent' and 'mistaken' may signify that an action for breach of contract is likely to fail as well." [Dismissal Order at 13.] This Court cannot find that the district judge's statement precludes amendment of the Counterclaim. First, the exact nature and merits of the proposed breach of contract claim were not before the district judge at that time. Second, the district judge stated only that Defendants' statements **MAY** mean that the breach of contract claim "is likely to fail". This is not the equivalent of a finding that there is no set facts that can be proven that would constitute a valid claim. Finally, the district judge was aware of the Rule 15(a) standard when he issued the Dismissal Order, and this Court does not believe that he would have granted Defendants leave to file the instant Motion if he intended his statement in the Dismissal Order to be a finding that the proposed breach of contract claim was futile.

Plaintiff next argues that the proposed breach of contract claim is futile because, in opposing the Motion to Dismiss, Defendants conceded that Plaintiff's receipt of the alleged overpayments was not a breach of the 1999 Agreement. Defendants' proposed breach of contract claim, however, does not argue that Plaintiff's mere receipt of the overpayments was a

9

breach of contract.   The basis of the proposed breach of contract

claim is not clearly stated, but Defendants' claim appears to be

based on the allegations that counsel for AIG advised Plaintiff's

counsel of the overpayment and that Plaintiff failed to

thereafter reimburse Defendants for the overpayment.   [Proposed

First Amended Counterclaim at ¶¶ 32-33.]   While this Court

questions Defendants' likelihood of success on this claim, this

Court cannot find that there is no set of facts that Defendants

can prove under the amendment that would constitute a valid

claim.   This Court therefore cannot find that the breach of

contract claim is futile.   The merits of the claim should be

addressed in a substantive motion, be it a motion to dismiss or a

motion for summary judgment, rather than in the instant Motion.

Finally, Plaintiff argues that Defendants' proposed

declaratory relief claim is frivolous because it improperly seeks

equitable relief, as did Defendants' unjust enrichment claim,

which the district judge dismissed.   Defendants' unjust

enrichment claim sought repayment of the alleged overpayments.

[Counterclaim at ¶ 42.]   Defendants' proposed declaratory relief

claim does not seek repayment.   It seeks a declaratory judgment

that: the 1999 Agreement only required commissions for policies

generated by Plaintiff's joint marketing efforts with Defendants;

and therefore Plaintiff was overpaid.   [Proposed First Amended

Counterclaim at ¶¶ 52-53.]   Thus, the district judge's reasons

for dismissing the unjust enrichment claim do not apply to the

proposed declaratory judgment claim.  Further, as Defendants

note, the requested declaratory relief will be relevant to both

the prior overpayments and the calculation of future commissions

that continue to accrue pursuant to the parties' agreement.  This

Court therefore finds that Defendants' proposed declaratory

relief claim is not futile.

Insofar as Plaintiff has not established that

Defendants' proposed amendments to the Counterclaim are futile,

this Court finds that Defendants should be freely granted leave

to amend their Counterclaim.

**CONCLUSION**

On the basis of the foregoing, Defendants' Motion for

Leave to File Amended Answer and Counterclaim, filed November 24,

2008, is HEREBY GRANTED.  Defendants shall file their Second

Amended Answer, which will include the First Amended Counterclaim

in the form attached to the Motion, by no later than January 23,

2009.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 9, 2009.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**AAA HAWAII, LLC V. HAWAII INS. CONSULTANTS, LTD., ET AL; CIVIL NO. 08-00299 DAE-LEK; ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**